# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

DENISE FAHEY-RAMIREZ, individually and on
behalf of all others similarly situated,

                Plaintiffs,

        v.

NESPRESSO USA, INC.,

                Defendant.

-------------------------------------------------------x

Case No. 25 Civ. 01684 (JHR)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NESPRESSO USA, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT OR IN THE ALTERNATIVE TO STRIKE CLASS ALLEGATIONS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

FACTUAL BACKGROUND.......................................................................................................... 4

ARGUMENT.................................................................................................................................... 6

I.      THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE
        MAGNUSON-MOSS ACT................................................................................................... 6

II.     THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST
        NESPRESSO........................................................................................................................ 7

        A.      The Amended Complaint Fails to State a Claim Under the Magnuson-Moss Act
                (Counts 1 and 2)........................................................................................................ 8

        B.      The Amended Complaint Fails to State a Claim for Breach of Express or
                Implied Warranties under Applicable State Law (Counts 3 and 4) ........................... 9

                1.      Plaintiff fails to adequately allege breach of any express warranty under
                        New York or Florida law.................................................................................. 9

                2.      Plaintiff fails to adequately allege breach of any implied warranty under
                        New York or Florida law................................................................................ 12

                3.      Plaintiff does not allege compliant or timely notice, which is independently
                        fatal to her express and implied warranty claims under New York and
                        Florida law..................................................................................................... 13

                4.      Plaintiff fails to adequately allege unconscionability..................................... 15

        C.      The Amended Complaint Fails to State a Claim for Unjust Enrichment (Count
                5) ............................................................................................................................ 17

        D.      The Amended Complaint Fails to State a Claim Under the Florida Deceptive
                and Unfair Trade Practices Act (Count 6) .............................................................. 19

        E.      The Amended Complaint Should Be Dismissed with Prejudice ............................... 21

III.    ALTERNATIVELY, THE COURT SHOULD STRIKE THE CLASS
        ALLEGATIONS ............................................................................................................... 22

        A.      All Plaintiff's Class Allegations Require Highly Individualized Assessments,
                Precluding Certification .......................................................................................... 23

        B.      The Need to Apply the Laws of All Fifty States Also Precludes Certification ......... 25

CONCLUSION.............................................................................................................................. 26

CERTIFICATE OF COMPLIANCE............................................................................................ 27

## CASES

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986).....................................................................................6, 12, 11, 16

*Against Gravity Apparel, Inc. v. Quarterdeck Corp.*,
  699 N.Y.S.2d 368 (App. Div. 1999)..........................................................................................20

*Amato v. Subaru of Am., Inc.*,
  No. CV 18-16118, 2019 WL 6607148 (D.N.J. Dec. 5, 2019) .................................................16

*Aprigliano v. Am. Honda Motor Co.*,
  979 F. Supp. 2d 1331 (S.D. Fla. 2013) ....................................................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................................7, 11

*Barrus v. Dick's Sporting Goods, Inc.*,
  732 F. Supp. 2d 243 (W.D.N.Y. 2010) .....................................................................................23

*Bayne v. Target Corp.*,
  630 F. Supp. 3d 544 (S.D.N.Y. 2022)..........................................................................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................................7

*Berman v. Gen. Motors LLC*,
  No. 2:18-CV-14371, 2019 WL 6163798 (S.D. Fla. Nov. 18, 2019) .......................................17

*Blair v. Wachovia Mortg. Corp.*,
  11-CV-566 (TBS), 2012 WL 868878 (M.D. Fla. Mar. 14, 2012) ...........................................19

*Broidy Cap. Mgmt. LLC, v. Benomar*,
  944 F.3d 436 (2d Cir. 2019)......................................................................................................21

*Carriuolo v. Gen. Motors Co.*,
  823 F.3d 977 (11th Cir. 2016) ..................................................................................................19

*Chen-Oster v. Goldman, Sachs & Co.*,
  877 F. Supp. 2d 113 (S.D.N.Y. 2012)........................................................................................24

*Chiarelli v. Nissan N.A., Inc.*,
  No. 14-CV-4327 (NGG)(VVP), 2015 WL 5686507 (E.D.N.Y. Sept. 25, 2015) ....................11

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ..........................................................................................8, 11

*Colpitts v. Blue Diamond Growers*,
    527 F. Supp. 3d 562 (S.D.N.Y. 2021)................................................................................17

*In re Columbia Tuition Refund Action*,
    523 F. Supp. 3d 414 (S.D.N.Y. 2021), ), *aff'd sub nom. Tapinekis v. Pace*
    *Univ.*, No. 22-1058-CV, 2024 WL 2764146 (2d Cir. May 30, 2024) ....................................18

*Complete Interiors, Inc. v. Behan*,
    558 So. 2d 48 (Fla. Dist. Ct. App. 1990) ..............................................................................15

*Cowit v. CitiMortgage, Inc.*,
    No. 1:12-CV-869, 2013 WL 940466 (S.D. Ohio Mar. 8, 2013)............................................25

*Cummings v. Blue Diamond Growers*,
    No. 1:22-CV-141-AW-HTC, 2023 WL 3487005 (N.D. Fla. May 15, 2023)...................13, 14

*Davis v. Powertel, Inc.*,
    776 So. 2d 971 (Fla. Dist. Ct. App. 2000) ............................................................................19

*Davito v. AmTrust Bank*,
    743 F. Supp. 2d 114 (E.D.N.Y. 2010) ..................................................................................22

*Floyd v. Am. Honda Motor Co.*,
    966 F.3d 1027 (9th Cir. 2020) ................................................................................................7

*Garcia v. Execu\Search Grp., LLC*,
    No. 17CV9401, 2019 WL 689084 (S.D.N.Y. Feb. 19, 2019) ................................................23

*Green v. Green Mountain Coffee Roasters*,
    279 F.R.D. 275 (D.N.J. 2011)................................................................................................24

*Gwinn v. Laird Superfood, Inc.*,
    643 F. Supp. 3d 450 (S.D.N.Y. 2022)....................................................................................18

*Haft v. Haier US Appliance Sols., Inc.*,
    578 F. Supp. 3d 436 (S.D.N.Y. 2022)............................................................................ *passim*

*Harris v. Rust-Oleum Corp.*,
    No. 21-CV-01376, 2022 WL 952743 (N.D. Ill. Mar. 30, 2022)............................................23

*Henkel of Am. Inc. v. ReliaStar Life Ins. Co.*,
    No. 3:18-CV-00965-JAM, 2020 WL 1430008 (D. Conn. Mar. 24, 2020).............................10

*Hertz Corp. v. Accenture LLP*,
    No. 19cv3508, 2019 WL 5537997 (S.D.N.Y. Oct. 25, 2019) ................................................19

*Hill v. Wells Fargo Bank, N.A.*,
  946 F. Supp. 2d 817 (N.D. Ill. 2013) ......................................................................................23

*Hubbard v. Gen. Motors Corp.*,
  No. 95 Civ. 4362 (AGS), 1996 WL 274018 (S.D.N.Y. May 22, 1996) ..................................11

*Hughes v. Ester C Co.*,
  317 F.R.D. 333 (E.D.N.Y. 2016) ............................................................................................25

*Hummel v. Tamko Bldg. Prods., Inc.*,
  303 F. Supp. 3d 1288 (M.D. Fla. 2017)..............................................................................9, 24

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,
  62 F.3d 69 (2d. Cir. 1995).........................................................................................................4

*Irvine v. Kate Spade & Co.*,
  No. 16-CV-7300 (JMF), 2017 WL 4326538 (S.D.N.Y. Sept. 28, 2017) ................................19

*Jackson v. Eddy's LI RV Ctr., Inc.*,
  845 F. Supp. 2d 523 (E.D.N.Y. 2012) ................................................................................8, 12

*Jager v. Bos. Rd. Auto Mall, Inc.*,
  No. 14 CIV 614 LLS, 2015 WL 235342 (S.D.N.Y. Jan. 16, 2015)......................................6, 7

*Klausner v. Annie's, Inc*.,
  581 F. Supp. 3d 538 (S.D.N.Y. 2022).......................................................................................8

*Kolle v. Mainship Corp*.,
  No. 04 Civ. 711(TCP)(MLO), 2006 WL 1085067 (E.D.N.Y. Apr. 20, 2006) .........................8

*Koski v. Carrier Corp.*,
  347 F. Supp. 3d 1185 (S.D. Fla. 2017) ...................................................................................18

*Kottler v. Deutsche Bank AG*,
  No. 08 CIV.7773(PAC), 2010 WL 1221809 (S.D.N.Y. Mar. 29, 2010)................................25

*Kraft v. Staten Island Boat Sales, Inc.*,
  715 F. Supp. 2d 464 (S.D.N.Y. 2010).......................................................................................8

*Kurimski v. Shell Oil Co.*,
  570 F. Supp. 3d 1228 (S.D. Fla. 2021) ...................................................................................19

*Lamb v. Cookware Co. (USA), LLC*,
  No. 20 CIV. 704 (LLS), 2020 WL 3179682 (S.D.N.Y. June 15, 2020)..................................19

*Landsman Packing Co. v. Cont'l Can Co.*,
  864 F.2d 721 (11th Cir. 1989) .................................................................................................17

iv

*Licul v. Volkswagen Grp. of Am., Inc.*,
　No. 13-61686-CIV, 2013 WL 6328734 (S.D. Fla. Dec. 5, 2013)............................................17

*Lopez v. U.S. Dep't of the Interior*,
　No. 22-CV-4744, 2023 WL 2775682 (S.D.N.Y. Apr. 3, 2023) ..............................................22

*McGarvey v. Penske Auto. Grp., Inc.*,
　639 F. Supp. 2d 450 (D.N.J. 2009) ...........................................................................................9

*Melendez v. Sirius XM Radio, Inc.*,
　50 F.4th 294 (2d Cir. 2022) ..............................................................................................21, 22

*Meserole v. Sony Corp. of Am., Inc.*,
　No. 08 CV. 8987, 2009 WL 1403933 (S.D.N.Y. May 19, 2009)............................................12

*Moroz v. Alexico Corp.*,
　No. 07-cv-3188, 2008 WL 109090 (E.D. Pa. Jan. 8, 2008)......................................................9

*Ocana v. Ford Motor Co.*,
　992 So. 2d 319 (Fla. Dist. Ct. App. 2008) ..............................................................................10

*Oestreicher v. Alienware Corp.*,
　544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ...................11

*Pierce v. Fordham Univ., Inc.*,
　No. 15-CV-4589 (JMF), 2016 WL 3093994 (S.D.N.Y. June 1, 2016), *aff'd*,
　692 F. App'x 644 (2d Cir. 2017) .............................................................................................21

*Pilgrim v. Universal Health Card, LLC*,
　660 F.3d 943 (6th Cir. 2011) ............................................................................................23, 25

*Rikos v. Procter & Gamble Co.*,
　No. 1:11-cv-226, 2012 WL 641946 (S.D. Ohio Feb. 28, 2012) .............................................23

*Rivera v. Chadrad Motors, LLC*,
　No. 3:21-CV-83 (RNC), 2021 WL 6750676 (D. Conn. June 9, 2021).....................................6

*Rowland v. Bissell Homecare, Inc.*,
　73 F.4th 177 (3d Cir. 2023) ......................................................................................................7

*Salvador v. Allstate Prop. & Cas. Ins. Co.*,
　No. CV 19-2754 (RJL), 2020 WL 7042843 (D.D.C. Nov. 30, 2020) ....................................24

*Sanders v. Apple Inc.*,
　672 F. Supp. 2d 978 (N.D. Cal. 2009) ....................................................................................24

*Schechner v. Whirlpool Corp.*,
　237 F. Supp. 3d 601 (E.D. Mich. 2017)..............................................................................13, 15

*In re Scholastic Corp. Sec. Litig.*,
 252 F.3d 63 (2d Cir. 2001)..........................................................................................................20

*Sci. Components Corp. v. Sirenza Microdevices, Inc.*,
 No. 03-CV-1851(NGG)(RML), 2006 WL 2524187 (E.D.N.Y. Aug. 30, 2006).....................13

*Segovia v. Vitamin Shoppe, Inc.*,
 No. 14-CV-7061 (NSR), 2016 WL 8650462 (S.D.N.Y. Feb. 5, 2016) ...................................15

*Shaughnessy v. Nespresso USA, Inc.*,
 No. 22 CIV. 6815 (NRB), 2023 WL 6038009 (S.D.N.Y. Sept. 15, 2023)................................8

*Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*,
 832 F. Supp. 2d 194 (E.D.N.Y. 2010) ....................................................................................15

*Sitt v. Nature's Bounty, Inc.*,
 No. 15 Civ. 4199 (MKB), 2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016) ........................17, 18

*St. Patrick's Home for Aged & Infirm v. Laticrete Int'l, Inc.*,
 696 N.Y.S.2d 117 (App. Div. 1999)........................................................................................11

*Stern v. Electrolux Home Prods., Inc.*,
 No. 22-CV-3679 (JMA)(ARL), 2024 WL 416495 (E.D.N.Y. Jan. 30), *report
 and recommendation adopted*, No. 22-CV-3679 (JMA) (ARL), 2024 WL
 4297656 (E.D.N.Y. Sept. 26, 2024)...................................................................................13, 14

*Toca v. Tutco, LLC*,
 430 F. Supp. 3d 1313 (S.D. Fla. 2020) ...................................................................................19

*Valcarcel v. Ahold U.S.A., Inc.*,
 577 F. Supp. 3d 268 (S.D.N.Y. 2021)................................................................................13, 15

*Valiente v. Unilever U.S., Inc.*,
 No. 22-21507-CIV, 2022 WL 18587887 (S.D. Fla. Dec. 8, 2022)........................12, 13, 14, 19

*Vaughan v. Emerald Coast RV Ctr., LLC*,
 No. 8:19-CV-918-T-35TGW, 2020 WL 13573654 (M.D. Fla. Jan. 30, 2020) .......................12

*Vazquez v. Walmart, Inc.*,
 704 F. Supp. 3d 417 (S.D.N.Y. 2023)......................................................................................19

*Velez v. Lasko Prods., LLC.*,
 706 F. Supp. 3d 444 (S.D.N.Y. 2023)......................................................................................22

*Wheeler v. Topps Co.*,
 652 F. Supp. 3d 426 (S.D.N.Y. 2023)......................................................................................14

*Wiggins v. Unilever U.S., Inc.*,
    684 F. Supp. 3d 127 (S.D.N.Y. 2023)......................................................................................14

*Wilson v. Volkswagen Grp. of Am., Inc.*,
    No. 17-23033-Civ-Scola, 2018 WL4623539 (S.D. Fla. Sept. 26, 2018)................................16

*Wolfkiel v. Intersections Ins. Servs. Inc.*,
    303 F.R.D. 287 (N.D. Ill. 2014)..............................................................................................23

*Wright v. Family Dollar, Inc.*,
    No. 10 C 4410, 2010 WL 4962838 (N.D. Ill. Nov. 30, 2010)................................................23

*In re Yasmin & Yaz (Drospirenone) Mktg.*,
    275 F.R.D. 270 (S.D. Ill. 2011) ..............................................................................................25

*Zlotnick v. Premier Sales Grp., Inc.*,
    480 F.3d 1281 (11th Cir. 2007) ..............................................................................................20

## STATUTES & RULES

15 U.S.C. § 2310.............................................................................................................................6

Class Action Fairness Act, 28 U.S.C. § 1332 ................................................................................6

Fed. R. Civ. P. 9.................................................................................................................. *passim*

Fed. R. Civ. P. 12...................................................................................................................1, 7, 8

Fed. R. Civ. P. 23.........................................................................................................................22

Fla. Stat. Ann. § 501.204 .............................................................................................................19

Fla. Stat. Ann. § 672.315 .............................................................................................................12

Fla. Stat. Ann. § 672.607 .............................................................................................................13

N.Y. U.C.C. Law § 2-314 ............................................................................................................12

N.Y. U.C.C. Law § 2-315 ............................................................................................................12

N.Y. U.C.C. Law § 2-316 ............................................................................................................13

N.Y. U.C.C. Law § 2-607 ............................................................................................................13

Pursuant to Rules 12(b)(1), 12(b)(6), 12(f) and 23(d)(1)(D) of the Federal Rules of Civil Procedure, Defendant Nespresso USA, Inc. ("Nespresso") submits this memorandum of law in support of its motion to dismiss the amended complaint, dated May 2, 2025 (ECF No. 16) (the "Amended Complaint" or "Am. Compl."), filed by Plaintiff Denise Fahey-Ramirez ("Plaintiff"), personally and purportedly on behalf of all others similarly situated.[1]

## PRELIMINARY STATEMENT

Seeking to avoid the almost certain dismissal of the initial Complaint, Plaintiff filed the Amended Complaint. It does not correct the fundamental pleading defects, however, and instead merely adds irrelevant and conclusory allegations that do not save her deficient claims.

The Amended Complaint still relies on anonymous reviews and unverified hearsay statements to assert in conclusory fashion that Nespresso breached the one-year Limited Warranty. It also still fails to adequately allege that she took the necessary steps to exercise her rights under the Limited Warranty, let alone that Nespresso affirmatively breached that warranty. In short, Plaintiff still fails to allege that Nespresso actually denied her warranty coverage during the Warranty Period, as indisputably required under applicable law.

Further, the Amended Complaint does not fix any of the other fundamental defects identified in Nespresso's prior motion to dismiss. *First,* Plaintiff still fails to satisfy the Magnuson-Moss Act's essential jurisdictional requirements of (i) at least one hundred named plaintiffs; and (ii) an aggregate amount-in-controversy of at least $50,000. Instead, the Amended Complaint still includes only a single named Plaintiff, whose alleged damages are less than $500. This is fatal to Plaintiff's Magnuson-Moss Act claims (Counts 1-2) and compels their dismissal for lack of subject matter jurisdiction.

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Amended Complaint.

*Second*, with respect to her remaining claims, Plaintiff still fails to state a claim that is plausible on its face. Regarding her state law claims for breach of express and implied warranties (Counts 3-4), Plaintiff fails to adequately allege, among other things, that she provided Nespresso with statutorily compliant notice. Instead, the Amended Complaint still acknowledges that she provided notice of the alleged breach only days before bringing this lawsuit, and over two years after experiencing the alleged "defect." This is in direct contravention of the very purpose of notice, i.e., "to allow the warrantor an opportunity to cure the problem rather than defend a lawsuit,"[2] and is insufficient as a matter of law.

Further, Plaintiff still fails to adequately allege the most crucial element of all—an actual breach by Nespresso of any warranty, express or implied, within the Warranty Period. While the Amended Complaint adds the vague assertion that "Plaintiff inquired about a warranty replacement," and "Nespresso told her that all they could offer her was repeated troubleshooting," Am. Compl. ¶ 117, the Amended Complaint fails to allege that this purported inquiry and Nespresso's purported refusal occurred within the Warranty Period.

*Third*, Plaintiff fails to adequately plead her inchoate alternative theory (no specific Count) that Nespresso's Limited Warranty is "unconscionable" or otherwise "fails of its essential purpose." Courts routinely hold that one-year limited warranties such as the Limited Warranty at issue here are not unconscionable, and the inapplicable "failure-of-essential-purpose" doctrine of remedies fails for the same reasons, particularly where Plaintiff fails to state a claim for any underlying breach.

*Fourth*, Plaintiff fails to state a claim for unjust enrichment (Count 5). It is blackletter law that any standalone claim for unjust enrichment fails as duplicative where it is based on the same

---

[2]     *See* Section II.B.3, *infra*.

underlying facts as the primary claims. This is precisely the case here. The Amended Complaint again does not fix this defect.

*Finally*, Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count 6) fails because she does not plead any actionable deceptive statements or omissions, nor does she do so with the particularity required by Rule 9(b). Plaintiff does not allege how or why any particular representation or omission by Nespresso would have deceived a "reasonable consumer," and her conclusory assertions otherwise are contradicted elsewhere in the Amended Complaint. In short, Plaintiff does not plead any particularized facts supporting her baseless assertion that Nespresso knowingly and intentionally concealed anything, let alone with the heightened particularity required by Rule 9(b). Again, the changes in the Amended Complaint do nothing to remedy this fundamental defect.

In the alternative, the Court should strike the Amended Complaint's class allegations pursuant to Rules 12(f) and 23(d)(1)(D). As pleaded, the class allegations in the Amended Complaint are not certifiable. Both the nationwide class claims and the Florida class claims would necessarily require highly individualized inquiries, including with respect to standing, causation, notice, reliance, and damages. And the nationwide class claims would necessarily entail significant variation across the laws of all fifty states, which makes this case neither efficient nor manageable as a class action. Courts have struck class allegations in similar circumstances.

For these reasons, and as discussed in more detail below, Nespresso respectfully submits that the Court should dismiss the Amended Complaint in its entirety and with prejudice, or, in the alternative, strike the class allegations.

## **FACTUAL BACKGROUND**

Nespresso markets and distributes high quality consumer products including espresso and coffee machines under the "Nespresso" brand name, both in the United States and worldwide. Am. Compl. ¶¶ 35-36. The sole named Plaintiff, Denise Fahey-Ramirez, is a Florida resident who alleges that she purchased a Nespresso Vertuo Next coffee machine (the "Machine") for $163.71 on December 21, 2021, from Amazon.com. Am. Compl. ¶ 35.

The Amended Complaint incorporates by reference the Machine's User Manual, *see* Am. Compl. ¶ 104 & n.21, which Plaintiff concedes governs her Machine and her rights under the Limited Warranty. Am. Compl. ¶ 108 ("Nespresso's Limited Warranty . . . expressly runs to the consumer who is the purchaser and end-user of the product.").[3] The Limited Warranty provides, in relevant part:

> Nespresso guarantees this product against defects in materials and workmanship *for a period of one year*. . . . ***During the guarantee period, Nespresso will either repair or replace, at its discretion, any defective product at no charge to the owner***. . . . This ***limited guarantee*** does not apply to any defect resulting from negligence, accident, misuse, or any other reason beyond Nespresso's reasonable control, including but not limited to: normal wear and tear, negligence or failure to follow the product instructions, improper or inadequate maintenance, calcium deposits or descaling, connection to improper power supply, unauthorized product modification or repair, use for commercial purposes, fire, lightning, flood or other external causes.

Am. Compl. ¶ 104 (emphasis added).

In an effort to falsely portray all Machines as inherently defective, the Amended Complaint selectively references a handful of anonymous, putative customer reviews from websites such as Reddit.com and Amazon.com. Am. Compl. ¶¶ 58-69. The Amended Complaint as a whole is comprised of loosely stitched together hearsay statements from anonymous nonparties, conclusory

---

[3]     The Court may consider the Machine's Limited Warranty at this stage because it is integral to the allegations in the Amended Complaint and incorporated therein by reference. *See, e.g.*, *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 71-72 (2d. Cir. 1995).

assertions concerning alleged defects in products purchased by nonparties, and Nespresso's alleged knowledge of the same.

Indeed, of the 184 paragraphs in the Amended Complaint, only *twelve* contain specific allegations related in any way to Plaintiff's claims. Am. Compl. ¶¶ 35, 111-122 (alleging variously that Plaintiff saw certain advertisements concerning the Machine; purchased the Machine; allegedly experienced certain performance issues; obtained several free troubleshooting services from Nespresso; and was offered a discount on a new Machine). None of these specific allegations assert that Nespresso denied Plaintiff coverage under the Limited Warranty during the Warranty Period.

Instead, Plaintiff alleges that she first contacted Nespresso "while the [Machine] was still under warranty," and obtained free troubleshooting sessions that "appeared to … fix[]" the issue. Am. Compl. ¶ 117. This is permitted under and fully satisfies the plain terms of Nespresso's Limited Warranty. Subsequently, at an unspecified time, Plaintiff alleges that she "inquired about a warranty replacement," to which Nespresso offered only "repeated troubleshooting" and "a minor discount on a new Vertuo Next." Am. Compl. ¶ 117. Importantly, Plaintiff does ***not*** allege that she made this subsequent inquiry within the one-year Limited Warranty Period.[4]

Plaintiff purports to bring this action on behalf of herself and all others similarly situated under the federal Magnuson-Moss Act. Am. Compl. ¶ 123.

---

[4] This omission in the fourth sentence of amended paragraph 117 is crucial. While Plaintiff artfully includes the qualifier "while the Device was still under warranty" in multiple instances in her amended allegations, *see, e.g.*, Am. Compl. ¶¶ 116, 117, she omits this qualifying language when describing her purported "inquir[y]about a warranty replacement." The only logical inference from this omission in the Amended Complaint is that it is deliberate, and that Plaintiff made her inquiry ***after*** the expiration of the Warranty Period.

**ARGUMENT**

## I. THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE MAGNUSON-MOSS ACT

Under the Magnuson-Moss Act, "no claim shall be cognizable" where "the action is brought as a class action, ***and the number of named plaintiffs is less than one hundred***." 15 U.S.C. § 2310(d)(3)(C) (emphasis added); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 241 (2d Cir. 1986) ("[N]o [Magnuson-Moss Act] claim is cognizable by a federal court if . . . the action is brought as a class action by fewer than 100 named plaintiffs"); *see also Jager v. Bos. Rd. Auto Mall, Inc.*, No. 14 Civ-614-LLS, 2015 WL 235342, at *4 (S.D.N.Y. Jan. 16, 2015) (dismissing Magnuson-Moss claims for lack of subject matter jurisdiction where "the MMWA's independent jurisdictional requirements" were not met). The Amended Complaint includes only one named plaintiff, Ms. Fahey-Ramirez. This fundamental defect is fatal to Plaintiff's Magnuson-Moss Act claims (Counts 1 and 2), and requires their dismissal. *Abraham*, 795 F.2d at 241.

Subject matter jurisdiction is also lacking because Plaintiff has not met the aggregate amount in controversy requirement of $50,000. 15 U.S.C. § 2310(d)(3)(B). The Amended Complaint alleges that Plaintiff bought one Machine for a total of $163.71, Am. Compl. ¶ 35, plus "a large number" of capsules "worth approximately $200." Am. Compl. ¶ 119. The aggregate amount in controversy requirement is also a jurisdictional prerequisite, and the named Plaintiff's failure to meet it is fatal to her Magnuson-Moss claims. *See Jager*, 2015 WL 235342, at *4 (declining to exercise supplemental jurisdiction over Magnuson-Moss claims where "the amount in controversy is less than the sum or value of $50,000"); *Rivera v. Chadrad Motors, LLC*, No. 3:21-CV-83 (RNC), 2021 WL 6750676, at *4 (D. Conn. June 9, 2021) (similar, collecting cases).[5]

---

[5]     Plaintiff does not plead that the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, overrides or otherwise provides an independent basis for this Court's subject matter jurisdiction here. Nor could she plausibly do so, as this question has been conclusively resolved against any such argument. *See, e.g.*, *Jager*,

6

Because Plaintiff fails to meet the Magnuson-Moss Act's threshold jurisdictional requirements, this Court lacks subject matter jurisdiction to hear those claims. Accordingly, Counts 1 and 2 of the Amended Complaint should be dismissed.

## II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST NESPRESSO

The Amended Complaint should be dismissed in its entirety for failure to state a claim under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory or speculative allegations are not sufficient, *see Twombly*, 550 U.S. at 570, and "legal conclusion[s] couched as . . . factual allegation[s]" are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678 (citation omitted).

Plaintiff's Amended Complaint fails to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiff still fails to plead any specific, nonconclusory allegations that Nespresso breached ***any*** of its warranty obligations (express or implied). Indeed, Plaintiff does not even allege that she sought to exercise the Limited Warranty during the Warranty Period. As discussed below, Plaintiff's unjust enrichment and FDUTPA claims fail for similar reasons, including because Plaintiff's putative unjust enrichment claim is duplicative, and she does not

---

2015 WL 235342, at *4 (collecting cases); *see also Bayne v. Target Corp*., 630 F. Supp. 3d 544, 551 (S.D.N.Y. 2022) ("As the majority of other courts to have addressed this issue have persuasively reasoned, Plaintiffs' position 'is flatly contradicted by the plain text of the MMWA,' which 'provides that '[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection'—i.e., a suit brought under the MMWA in federal district court—unless the MMWA's independent jurisdictional requirements are met.'") (citations omitted); *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1035 (9th Cir. 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement . . . ."); *Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 184 (3d Cir. 2023) (similar).

plead an actionable misrepresentation or omission, let alone with the particularity required under the heightened standard of Rule 9(b). Accordingly, the Amended Complaint should be dismissed.

### A. The Amended Complaint Fails to State a Claim Under the Magnuson-Moss Act (Counts 1 and 2)

Because the Court lacks subject matter jurisdiction to hear Plaintiff's Magnuson-Moss Act claims, *see supra*, Section I, the Court need not reach the question of whether the Amended Complaint states a plausible claim under Rule 12(b)(6). *See Shaughnessy v. Nespresso USA, Inc.*, No. 22 Civ. 6815 (NRB), 2023 WL 6038009, at *8 (S.D.N.Y. Sept. 15, 2023) (finding that "the Court need not address [Nespresso's] alternative [Rule 12(b)(6)] argument[s]"). Even so, Plaintiff plainly fails to state a plausible claim under the Magnuson-Moss Act here.

It is blackletter law that the Magnuson-Moss Act does not create additional warranties, but instead provides additional procedural avenues and remedies *for breach of existing warranties*. *See, e.g.*, *Kraft v. Staten Island Boat Sales, Inc.*, 715 F. Supp. 2d 464, 478 (S.D.N.Y. 2010) ("[T]he MMWA does not provide any additional remedies not available under state law." (citing *Kolle v. Mainship Corp.*, No. 04-cv- 711(TCP)(MLO), 2006 WL 1085067, at *2 (E.D.N.Y. Apr. 20, 2006) ("When a warrantor, however, as in the case at bar, issues a limited written warranty, Magnuson–Moss provides that the Court must look to State law to determine a plaintiff's entitlement to damages or other equitable remedies."))); *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 530 (E.D.N.Y. 2012) ("[T]he MMWA does not create new implied warranties . . . .").

"[C]laims under the Magnuson-Moss Act stand or fall with [the] express and implied warranty claims under state law." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Klausner v. Annie's, Inc*., 581 F. Supp. 3d 538, 551, n.6 (S.D.N.Y. 2022). As discussed in more detail in Section II.B, *infra*, Plaintiff's state law express and implied warranty claims fail

as a matter of law. As a result, Plaintiff's Magnuson-Moss Act claims also fail, and must be dismissed.[6]

**B. The Amended Complaint Fails to State a Claim for Breach of Express or Implied Warranties under Applicable State Law (Counts 3 and 4)**

Plaintiff's express and implied warranty claims are defective for a number of reasons, including because Plaintiff fails to adequately allege (i) breach of any express warranty; (ii) breach of any implied warranty; and (iii) notice. Any one of these defects constitutes independently sufficient grounds to dismiss Plaintiff's state law claims. Plaintiff also fails to adequately plead her alternative theory of unconscionability. For these reasons, the state law claims should be dismissed.

**1. Plaintiff fails to adequately allege breach of any express warranty under New York or Florida law**

To survive a motion to dismiss, a claim for breach of express warranty must allege "(i) a material statement amounting to a warranty; (ii) the buyer's reliance on this warranty as a basis for the contract with his immediate seller; (iii) the breach of this warranty; and (iv) injury to the buyer caused by the breach." *Haft v. Haier US Appliance Sols., Inc.*, 578 F. Supp. 3d 436, 450 (S.D.N.Y. 2022) (applying New York law) (cleaned up); *Hummel v. Tamko Bldg. Prods., Inc.*, 303 F. Supp. 3d 1288, 1298 (M.D. Fla. 2017) (substantively identical elements under Florida law). The most fundamental element that any plaintiff must allege to plausibly state a claim is an underlying breach. *See, e.g.*, *Haft*, 578 F. Supp. 3d at 450 (dismissing breach of express warranty claim for

---

[6]     Under the Magnuson-Moss Act, Plaintiff must also "'show that [she] has sustained actual damage, proximately caused by [the defendant's] failure to [comply] . . . with the MMWA' in order to state an actionable MMWA claim." *McGarvey v. Penske Auto. Grp., Inc.*, 639 F. Supp. 2d 450, 456 (D.N.J. 2009). Plaintiff here has not alleged actionable damages because she has not alleged that Nespresso denied her warranty coverage in any way or that she sought to exercise the Limited Warranty at all. *Moroz v. Alexico Corp.*, No. 07-cv-3188, 2008 WL 109090, at *6 (E.D. Pa. Jan. 8, 2008) ("[Courts] have held that in the absence of a breach [no damages are stated] within the meaning of the MMWA.").

failure to adequately plead breach); *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 324 (Fla. Dist. Ct. App. 2008) ("Under [Florida] law, there can be no cause of action for breach of an express limited warranty unless the consumer can allege and prove that the manufacturer did not comply with the limited express warranty's terms.").

While the Amended Complaint purports to describe Nespresso's one-year, express Limited Warranty in great detail, *see, e.g.*, Am. Compl. ¶¶ 22, 104, 108, 158, it is devoid of specific, nonconclusory allegations that Nespresso refused to repair or replace the machine in contravention of its terms ***within the Warranty Period***. *See supra*, Factual Background. At most, the Amended Complaint alleges that Plaintiff received free troubleshooting services that "appeared to … fix[]" the issue within the Warranty Period, thus obviating the need for any further repair or replacement. Am. Compl. ¶ 117. At some future, unspecified time, Plaintiff alleges that she "inquired about a warranty replacement," and was offered "a minor discount on a new Vertuo Next." Am. Compl. ¶ 117. Importantly, Plaintiff does **not** allege that she made this subsequent inquiry within the Warranty Period.

In other words, the Amended Complaint's allegations are entirely consistent with Nespresso's ***compliance with*** the Limited Warranty—i.e., the Machine was successfully repaired within the Warranty Period, and Nespresso properly declined to replace the Machine after the Warranty Period. This is fatal to her breach of express warranty claims under both New York and Florida law. *Haft*, 578 F. Supp. 3d at 450 (failure to adequately allege breach of express warranty where plaintiffs failed to plead product failure "within the year-long period in which Defendant was obligated to replace or repair…"); *Ocana*, 992 So. 2d at 324 ("[T]here can be no cause of action for breach of an express limited warranty unless the consumer can allege and prove that the manufacturer did not comply with the limited express warranty's terms."); *see also Henkel of Am.*

*Inc. v. ReliaStar Life Ins. Co*., No. 3:18-cv-00965-JAM, 2020 WL 1430008, at *2 (D. Conn. Mar. 24, 2020) ("A complaint, for example, is not sufficient if it merely alleges facts that are just as consistent with lawful conduct as they are with unlawful conduct." (citing *Iqbal*, 556 U.S. at 678)).[7]

Nespresso's Limited Warranty is limited by its terms to one year, and as such it expired on or about December 21, 2022. Am. Compl. ¶¶ 35, 104. The law is clear that Plaintiff accepted the risk of product failure occurring beyond that period. *See Abraham*, 795 F.2d at 250; *see also Oestreicher v. Alienware Corp*., 544 F. Supp. 2d 964, 972 (N.D. Cal. 2008) ("[T]he purpose of a warranty is to contractually mark the point in time during the useful life of a product when the risk of paying for repairs shifts from the manufacturer to the consumer." (citing *Abraham*, 795 F.2d at 250)), *aff'd*, 322 F. App'x 489 (9th Cir. 2009).[8]

Accordingly, Plaintiff fails to adequately allege breach of the Limited Warranty, and therefore fails to state a claim.

---

[7] Plaintiff's allegation that Nespresso expressly warranted on its website that the Machine was "of high quality" and "would actually work properly," Am. Compl. ¶ 158, does not cure this fundamental pleading defect. It is blackletter law that such general statements of puffery are non-actionable. *See Haft*, 578 F. Supp. 3d at 450 ("Plaintiffs may not rely on general statements made on Defendant's website to plead a breach of the express warranty."); *Hubbard v. Gen. Motors Corp.*, No. 95 Civ. 4362 (AGS), 1996 WL 274018, at *6–7 (S.D.N.Y. May 22, 1996) (rejecting statements that a product was "popular" and "most dependable" as express warranties); *Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1341 (S.D. Fla. 2013) ("[M]ere puffery or sales talk is not sufficient to create an express warranty."). But the Court need not even reach this issue, because Plaintiff does not allege Nespresso breached these putative "warranties" in the first place.

[8] It is well settled that an express warranty is not an affirmation that a product will be free of defects or that it will last forever. *See Chiarelli v. Nissan N.A., Inc.*, No. 14-CV-4327 (NGG)(VVP), 2015 WL 5686507, at *7 (E.D.N.Y. Sept. 25, 2015) ("If a manufacturer determines th[e] useful life and warrants the product for a lesser period of time, we can hardly say that the warranty is implicated when the item fails after the warranty period expires. The product has performed as expressly warranted." (citing *Clemens*, 534 F.3d at 1023)). To the contrary, an express warranty by its very nature acknowledges that defects may exists and promises to make repairs or replace the product within the specified time limits of the warranty – it makes no warranty as to the products performance beyond the warranty period. *See St. Patrick's Home for Aged & Infirm v. Laticrete Int'l, Inc.*, 696 N.Y.S.2d 117, 123 (App. Div. 1999) ("Warranties to repair or replace the product in the event that it fails to perform, without any promise of performance, do not constitute warranties of future performance . . . .").

### 2. Plaintiff fails to adequately allege breach of any implied warranty under New York or Florida law

Under New York and Florida law, there are two potentially applicable implied warranties: (i) the implied warranty of merchantability; and (ii) the implied warranty of fitness for a particular purpose. *Abraham*, 795 F.2d at 249; *Valiente v. Unilever U.S., Inc.*, No. 22-21507-CIV, 2022 WL 18587887, at \*13 (S.D. Fla. Dec. 8, 2022).[9]

Where, as here, a limited, express warranty exists, all covered defects are governed by the express warranty pursuant to its terms, and any post-warranty defects are nonactionable. *See Haft*, 578 F. Supp. 3d at 451 ("Defendant properly limited the scope of implied warranty to one-year."); *Meserole v. Sony Corp. of Am., Inc.*, No. 08 CV. 8987 (RPP), 2009 WL 1403933, at \*9 (S.D.N.Y. May 19, 2009) ("U.C.C. § 2–316 permits manufacturers to limit the duration of implied warranties to the duration of their express warranties . . . ."); *Vaughan v. Emerald Coast RV Ctr., LLC*, No. 8:19-CV-918-T-35TGW, 2020 WL 13573654, at \*6 (M.D. Fla. Jan. 30, 2020) ("Under Florida law, a contract or warranty may disclaim all warranties, including implied warranties of merchantability or fitness for a particular purpose, provided that the disclaimer is conspicuous."). Here, Nespresso's Limited Warranty plainly states that its express, limited terms, including its express duration of one year, "shall be the full extent of Nespresso's liability." This limiting language necessarily and unambiguously excludes any implied warranties that would otherwise

---

[9] Under New York and Florida law, the implied warranty of merchantability "provides that to be merchantable, the goods must be: (1) fit for the ordinary purpose for which they are used; (2) capable of passing without objection in the trade under the contract description; and (3) of fair and average quality for such goods." *Jackson*, 845 F. Supp. 2d at 530-31 (citing N.Y. U.C.C. Law § 2–314(2)); *see also* Fla. Stat. Ann. § 672.315. Even if this implied warranty had not been disclaimed (it was), Plaintiff does not plead any specific, non-conclusory facts supporting any of these elements. To the extent Plaintiff alleges Nespresso breached the implied warranty of fitness, under New York and Florida law, she must show that "the seller at the time of contracting has reason to know any particular purpose for which the goods are required[,] and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." N.Y. U.C.C. Law § 2-315; Fla. Stat. Ann. § 672.315. Again, Plaintiff fails to make any allegations Nespresso has reason to know that purpose for which Plaintiff purchased the Machine. Am. Compl. ¶¶ 145-156.

conflict with or broaden the scope of the express terms of the Limited Warranty. *See, e.g.*, *Sci. Components Corp. v. Sirenza Microdevices, Inc*., No. 03-CV-1851(NGG)(RML), 2006 WL 2524187, at \*8 (E.D.N.Y. Aug. 30, 2006) (citing N.Y. U.C.C. Law § 2-316 official cmt. 9). Plaintiff does not even allege that Nespresso refused to replace or repair her Machine within the Warranty Period, let alone any specific, nonconclusory facts supporting her allegation that Nespresso breached any implied warranty at all. Nor does Plaintiff allege facts sufficient to show that any such implied warranty exists. Plaintiff therefore fails to state a claim. Am. Compl. ¶¶ 104, 145-156.

### 3. Plaintiff does not allege compliant or timely notice, which is independently fatal to her express and implied warranty claims under New York and Florida law

"In order to asse[r]t a claim for breach of an express or implied warranty under New York law, a buyer must provide the seller with timely notice of the alleged breach." *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268, 282 (S.D.N.Y. 2021) (internal quotation marks omitted); *see also* N.Y. U.C.C. Law § 2-607(3)(a). Florida law has the same notice requirement. *Cummings v. Blue Diamond Growers*, No. 1:22-cv-141-AW-HTC, 2023 WL 3487005, at \*5 (N.D. Fla. May 15, 2023) (citing Fla. Stat. Ann. § 672.607 and noting that "the whole point of the notice requirement is to allow a defendant to cure the defect and thus to make good its warranty without a lawsuit"); *Valiente*, 2022 WL 18587887, at \*17 (similar). Under both New York and Florida law, timely notice is a statutory requirement, and the applicable statutes require notice without unreasonable delay. *See Stern v. Electrolux Home Prods., Inc*., No. 22-CV-3679 (JMA)(ARL), 2024 WL 416495, at \*10 (E.D.N.Y. Jan. 30) (holding notice provided 19 months after the alleged breach "lacks the temporal proximity required to satisfy the notice requirement"), *report and recommendation adopted*, No. 22-cv-3679 (JMA) (ARL), 2024 WL 4297656 (E.D.N.Y. Sept. 26, 2024); *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 610 (E.D. Mich. 2017) (applying

Florida law, collecting cases, and noting that "Florida courts generally require a buyer to provide notice of a product defect within 18 months of discovering the defect").

Plaintiff alleged "Nespresso was provided notice" by (i) "numerous informal and formal complaints filed against it," (ii) "the instant Complaint," (iii) "the various [anonymous] complaints detailed herein," and (iv) the "numerous communications sent by Plaintiff and other Class members." Am. Compl. ¶ 155. None of these conclusory assertions are sufficient to state a claim. *See Wheeler v. Topps Co.*, 652 F. Supp. 3d 426, 432 (S.D.N.Y. 2023) (dismissing claims where plaintiff merely alleged defendant "received notice and should have been aware of these issues due to complaints by third-parties" because "they do not allege that Plaintiff actually provided notice as required under New York law"); *Wiggins v. Unilever U.S., Inc.*, 684 F. Supp. 3d 127, 152 (S.D.N.Y. 2023) ("Most courts in this District have concluded that the filing of a complaint does not constitute adequate notice of a breach of warranty claim . . . ."); *Cummings*, 2023 WL 3487005, at *5 (dismissing warranty claims because "notice by filing the complaint is legally insufficient"); *Valiente*, 2022 WL 18587887, at *17 (noting that the pre-suit notice requirement is not a technicality, and "the point of the notice requirement is to allow the warrantor an opportunity to cure the problem rather than defend a lawsuit").

Plaintiff does not provide any specific date for when statutory notice was provided, except for February 13, 2025, when Plaintiff alleges in conclusory fashion that she submitted a pre-suit notice, without pleading any facts to show such alleged notice complied with applicable requirements. Am. Compl. ¶¶ 35, 122. But even this threadbare assertion of notice, submitted 36 months after the alleged breach, fails as a matter of law for its lack of "temporal proximity required to satisfy the notice requirement." *See Stern*, 2024 WL 416495, at *10 (notice 19 months after the alleged breach "lacks the temporal proximity required to satisfy the notice requirement");

*Schechner*, 237 F. Supp. 3d at 610 (notice "two and a half years after she noticed a problem and three years after she purchased the oven" was too late).[10]

Plaintiff's failure to comply with mandatory statutory notice requirements is a material defect that cannot be cured, compelling dismissal of Plaintiff's state law claims with prejudice. *See, e.g.*, *Segovia v. Vitamin Shoppe, Inc.*, No. 14-CV-7061 (NSR), 2016 WL 8650462, at *6 (S.D.N.Y. Feb. 5, 2016) (dismissing breach of warranty lawsuit and denying leave to replead as "futile" where plaintiff failed to comply with applicable notice requirements).

### 4. Plaintiff fails to adequately allege unconscionability

In the alternative, Plaintiff alleges, again in conclusory fashion, that the Limited Warranty is "unconscionable" and cannot be enforced. Am. Compl. ¶¶ 23, 109-110, 161-164. These allegations also fail.

To declare a warranty unconscionable, New York and Florida law require a prima facie showing that it is ***both*** procedurally and substantively unconscionable when made. *See, e.g.*, *Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 201 (E.D.N.Y. 2010); *Complete Interiors, Inc. v. Behan*, 558 So. 2d 48 (Fla. Dist. Ct. App. 1990). Plaintiff does not plead any particularized, non-conclusory allegations to make either showing.

With respect to procedural unconscionability, Plaintiff makes the conclusory assertion that she "had no meaningful choice in determining [the one-year] time limitation[];" Am. Compl. ¶ 163; however, Plaintiff does not provide any factual allegations to support this assertion. Plaintiff does not, for example, allege that she inquired about the warranty before purchasing the Machine, or that she attempted to negotiate the terms of the Limited Warranty. *See Haft*, 578 F. Supp. 3d at

---

[10]     Plaintiff also adds that notice was provided through "numerous calls" notifying Nespresso of "the problems with her Device and the leakage problem," seemingly confusing the notice requirement which requires Plaintiff to "provide the seller with timely notice of the alleged *breach*" not of the alleged defect. *Valcarcel*, 577 F. Supp. 3d at 282 (emphasis added); Am. Compl. ¶ 122.

455 (finding "Plaintiffs' allegations amount only to such threadbare recitals and conclusory statements, and are insufficient to plead procedural unconscionability" where Plaintiffs did not inquire about the warranty prior to purchasing the product); *Amato v. Subaru of Am., Inc.*, No. cv-18-16118, 2019 WL 6607148, at *7-10 (D.N.J. Dec. 5, 2019) (allegations of the plaintiff's "inability . . . to bargain with the defendants" and "lack of meaningful alternatives" were conclusory and therefore failed to state a claim); *Wilson v. Volkswagen Grp. of Am., Inc.*, No. 17-23033-Civ-Scola, 2018 WL4623539, at *5 (S.D. Fla. Sept. 26, 2018) ("[B]road allegations of procedural unconscionability, stating simply that there was unequal bargaining power and there was lack of meaningful choice relating to the limitations on the warranties are insufficient to survive a motion to dismiss.").

With regard to substantive unconscionability, Plaintiff alleges Nespresso knew or should have known of the alleged defect in the Machine, rendering Nespresso's 12-month limitation unconscionable. But this, too, is insufficient to state a claim. As the Second Circuit held in *Abraham*:

> *[V]irtually all product failures . . . after expiration of the warranty can be attributed to a "latent defect" that existed at the time of sale or during the term of the warranty*. All parts will wear out sooner or later and thus have a limited effective life. ***Manufacturers always have knowledge regarding the effective life of particular parts and the likelihood of their failing within a particular period of time***. Such knowledge is easily demonstrated by the fact that manufacturers must predict rates of failure of particular parts in order to price warranties and thus can always be said to "know" that many parts will fail after the warranty period has expired. A ***rule that would make failure of a part actionable based on such "knowledge" would render meaningless time/mileage limitations in warranty coverage***.

*Abraham*, 795 F.2d at 250 (emphasis added); *see also Haft*, 578 F. Supp. 3d at 453 (collecting cases, and noting that "courts generally agree that a defendant's knowledge of a latent defect is not sufficient in and of itself to render a time-limited warranty unconscionable").

Federal courts applying Florida law have reached the same conclusion, finding that threadbare assertions of the defendant's alleged "knowledge" of a product defect are insufficient to state a claim. *See, e.g.*, *Berman v. Gen. Motors LLC*, No. 2:18-CV-14371, 2019 WL 6163798, at \*7 (S.D. Fla. Nov. 18, 2019) (citing *Abraham* for the proposition that "[t]o hold that a manufacturer's knowledge of potential failures renders such limitations unenforceable would thus 'render meaningless time/mileage limitations in warranty coverage,' and would be contrary to the overwhelming weight of precedent enforcing such limitations"); *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686-CIV, 2013 WL 6328734, at \*2 (S.D. Fla. Dec. 5, 2013) (similar); *see also Landsman Packing Co. v. Cont'l Can Co.*, 864 F.2d 721, 729 (11th Cir. 1989) (holding that a 12-month warranty was not unconscionable and reversing trial court's determination to leave the issue of "unconscionability" to the jury).

Plaintiff fails to adequately plead that the Limited Warranty is unconscionable, on either a procedural or substantive basis, and as such, her alternative theory of unconscionability fails to state a claim.[11]

## C. The Amended Complaint Fails to State a Claim for Unjust Enrichment (Count 5)

Under New York and Florida law, an unjust enrichment claim "cannot survive 'where it simply duplicates, or replaces, a conventional contract or tort claim.'" *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 592 (S.D.N.Y. 2021). Where a plaintiff's unjust enrichment claim is based on, and simply repeats, the same factual allegations underlying her other common law or statutory claims, the unjust enrichment claim must be dismissed as duplicative. *See, e.g., Sitt v.*

---

[11]     For the exact same reasons, Plaintiff fails to state a claim to the extent she alleges the Limited Warranty "fail[s] of its essential purpose." Am. Compl. ¶ 109. *Haft*, 578 F. Supp. 3d at 457 (collecting cases, and noting that the "failure of essential purpose" doctrine under the Uniform Commercial Code does not apply where, as here, the plaintiff fails to adequately plead the threshold element of breach).

*Nature's Bounty, Inc.*, No. 15 Civ. 4199 (MKB), 2016 WL 5372794, at \*18 (E.D.N.Y. Sept. 26, 2016) ("Because Plaintiff's unjust enrichment claims under New York law are based on the same allegations as her [state law claims], and because Plaintiff has not shown how her unjust enrichment claim differs from her other New York claims, Plaintiff's unjust enrichment claim under New York law is duplicative of her other New York claims."); *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1196 (S.D. Fla. 2017) ("'[W]here the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those causes of action' and warrants dismissal.") (citation omitted). Such claims cannot be saved by being pleaded in the alternative. *See In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, 430 (S.D.N.Y. 2021) (dismissing unjust enrichment claims pleaded in the alternatives because "courts in this District have previously dismissed unjust enrichment claims that were indistinguishable from contract claims pleaded in the alternative in the same complaint") (collecting cases), *aff'd sub nom. Tapinekis v. Pace Univ.*, No. 22-1058-CV, 2024 WL 2764146 (2d Cir. May 30, 2024); *see also Koski*, 347 F. Supp. 3d at 1196 (unjust enrichment claim pleaded in the alternative which "relies on the same factual predicate as all of their other claims. . . . [I]s not a true alternative theory of relief.").

Plaintiff does not even attempt to differentiate her putative unjust enrichment claim from her claims for breach of warranty. She merely asserts, in perfunctory fashion, that "Nespresso has been unjustly enriched as a result of the conduct described in this Complaint." Am. Compl. ¶ 168. Such conclusory allegations, even if pleaded in the alternative, provide no independent basis for her unjust enrichment theory and rely on the same factual predicate as her other claims. Accordingly, her unjust enrichment claim must be dismissed. *See Gwinn v. Laird Superfood, Inc.*, 643 F. Supp. 3d 450, 458 (S.D.N.Y. 2022) (dismissing unjust enrichment claims were "[e]ach

claim is based on precisely the same conduct" as the state law claims); *Valiente*, 2022 WL 18587887, at *22 (similar). Plaintiff's putative unjust enrichment claim here is similarly duplicative, and must be dismissed.[12]

### D. The Amended Complaint Fails to State a Claim Under the Florida Deceptive and Unfair Trade Practices Act (Count 6)

The FDUTPA "prohibits '[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1242 (S.D. Fla. 2021) (quoting Fla. Stat. Ann. § 501.204(1)).

To state a claim under FDUTPA, "the plaintiff must allege: '(1) a deceptive act or unfair practice, (2) causation; [sic] and (3) actual damages.'" *Kurimski*, 570 F. Supp. 3d at 1242 (quoting *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016)).[13] To prevail on a FDUTPA claim, the plaintiffs must show that a reasonable consumer would have been deceived. *See Davis*

---

[12] Plaintiff's unjust enrichment claims are fatally defective for another reason: Count 5 is pleaded on behalf of the Nationwide Class only. The Amended Complaint fails to identify which state laws that Plaintiff alleges Nespresso violated, nor does she explain how Nespresso allegedly did so. "Without providing factual contentions or the grounds upon which she bases her alleged entitlement to relief, Plaintiff has made it 'impossible for [D]efendant to assess what she ultimately hopes to prove.' . . . Plaintiff's claim therefore 'falls short of satisfying Rule 8's pleading requirements,'" and she lacks standing to bring these claims— "because all of Plaintiff's claims under New York law fail as a matter of law, she cannot bring claims for products she did not purchase in different states." *Vazquez v. Walmart, Inc.*, 704 F. Supp. 3d 417, 427-28 (S.D.N.Y. 2023) (cleaned up).

[13] FDUTPA claims are subject to the heightened pleading requirements of Rule 9(b) "where the gravamen of the claim sounds in fraud." *Irvine v. Kate Spade & Co.*, No. 16-CV-7300 (JMF), 2017 WL 4326538, at *2 (S.D.N.Y. Sept. 28, 2017) (quoting *Blair v. Wachovia Mortg. Corp.*, 11-CV-566 (TBS), 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012)); *see also Lamb v. Cookware Co. (USA), LLC,* No. 20 CIV. 704 (LLS), 2020 WL 3179682, at *4 (S.D.N.Y. June 15, 2020) (claims sound in fraud where they allege that the defendant misrepresented "the nature and quality of the Product"); *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1328 (S.D. Fla. 2020) (citation omitted). Plaintiff's FDUTPA claim plainly sounds in fraud because she alleges, in a conclusory fashion, Nespresso "*knowingly and intentionally* omitted and *concealed* material information," "*actively concealed* the Leakage Defect," and "*concealed* the true defective nature" of the Machine. Am. Compl. ¶¶ 178, 179, 182. (emphasis added); *Hertz Corp. v. Accenture LLP*, No. 19cv3508, 2019 WL 5537997, at *3 (S.D.N.Y. Oct. 25, 2019).

*v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000); *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (applying Florida law).

Plaintiff alleges that Nespresso's "deceptive" acts and omissions include (i) failing to disclose the alleged leak in the Machine; (ii) representing the Machine was "in good working order;" (iii) representing the Machine was merchantable; and (iv) representing the Machine was not defective. Am. Compl. ¶¶ 178, 179.

First, Plaintiff fails to identify any particular advertisement that she saw or heard where Nespresso made the representations alleged. Plaintiff merely asserts that such statements occurred, without providing, as she must, any particularized factual allegations supporting such assertion other than indicating in a conclusory fashion that there was an advertisement "featuring movie stars." *See In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69-70 (2d Cir. 2001) ("The complaint must identify the statements plaintiff asserts were fraudulent and why, in plaintiff's view, they were fraudulent, specifying who made them, and where and when they were made."); Am. Compl. ¶ 112.

Second, Plaintiff does not allege how or why any particular representations or omissions from Nespresso would deceive a "reasonable consumer," as required. In fact, Plaintiff's own allegations demonstrate a reasonable consumer would be aware (i) of the one-year Limited Warranty; (ii) that damage to the Machine after the first year would require them to bear the cost, as expressly set forth in the Limited Warranty; and (iii) that the product purportedly had negative public reviews regarding the alleged leakage defect. Am. Compl. ¶¶ 58-60, 69, 83, 89-102, 104. These admitted facts defeat any allegations of deceptive conduct on the part of Nespresso resulting from the omission of the alleged Leakage Defect or any representations made by Nespresso. *See, e.g.*, *Against Gravity Apparel, Inc. v. Quarterdeck Corp.*, 699 N.Y.S.2d 368, 369 (App. Div. 1999)

(holding a "disclaimer, together with the 90–day warranty period, also undermine any claim . . . of a materially misleading or deceptive omission").

Finally, although alleging in a conclusory fashion that "[a]t the time of sale, Defendant knowingly and intentionally omitted and concealed material information" which it learned from "numerous complaints," this allegation is contradicted by other allegations in the Amended Complaint. Am. Compl. ¶ 178.[14] Plaintiff does not allege Nespresso was aware of any alleged defects at the time Plaintiff purchased the Machine on or around December 2021. Am. Compl. ¶ 35. Even assuming the random, anonymous online reviews provided any kind of notice to Nespresso, Plaintiff cites only one review before December 2021, which was published on a third-party website, not nespresso.com, and which Plaintiff does not allege Nespresso reviewed or ever saw. Am. Compl. ¶ 89. Plaintiff does not cite any reviews on Nespresso's own website prior to her purchase. Am. Compl. ¶¶ 58-60, 69, 81, 89-102. As such, Plaintiff has not pleaded any facts supporting her conclusory assertion that Nespresso knowingly and intentionally concealed anything, let alone with the heightened particularity required by Rule 9(b).

### E. The Amended Complaint Should Be Dismissed with Prejudice

The Court should deny any request for leave to file a further amended complaint. "[I]t is within the sound discretion of the district court to grant or deny leave to amend . . . for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (affirming denial of leave to amend for futility); *see also* ECF No. 15 ("Plaintiff will not be given any further opportunity to amend the Complaint to address issues raised by the motion to dismiss absent good cause.").

---

[14] "It is well established that, where a plaintiff's 'own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.'" *Pierce v. Fordham Univ., Inc.*, No. 15-CV-4589 (JMF), 2016 WL 3093994, at *2 n.1 (S.D.N.Y. June 1, 2016), *aff'd*, 692 F. App'x 644 (2d Cir. 2017).

"Generally, a 'plaintiff need not be given leave to amend if he fails to specify . . . how amendment would cure the pleading deficiencies in his complaint." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 309 (2d Cir. 2022) (affirming denial of leave to amend for futility). Denial of leave to amend is proper where "Plaintiff has already amended [her] complaint once, in response to Defendant's motion to dismiss Plaintiff's initial complaint – a motion to dismiss that raised many of the same deficiencies found in the Amended Complaint, and which Plaintiff failed to address." *Velez v. Lasko Prods., LLC*, 706 F. Supp. 3d 444, 464 (S.D.N.Y. 2023) (granting motion to dismiss state law breach of warranty, federal Magnuson-Moss Act, unjust enrichment, and fraud claims, and denying leave to file second amended complaint).

Nespresso respectfully submits that "[b]ecause Plaintiff's amended complaint did not remedy the defects in the original complaint, the Court [should] decline[] to grant Plaintiff another opportunity to amend." *Id.*; *see also Lopez v. U.S. Dep't of the Interior*, No. 22-cv-4744 (LTS), 2023 WL 2775682, at *4 (S.D.N.Y. Apr. 3, 2023) ("Because Plaintiff's amended complaint did not remedy the defects in the original complaint, the Court declines to grant Plaintiff another opportunity to amend.").

## III. ALTERNATIVELY, THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS

The Federal Rules encourage resolution of class issues as expeditiously as practicable. *See* Fed. R. Civ. P. 23(c)(1). Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D) permit a court to strike at the pleading stage "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts in the Second Circuit "have held that such motions may be addressed 'prior to the certification of a class if the inquiry would not mirror the class certification inquiry and if resolution of the motion is clear.'" *Davito v. AmTrust Bank*, 743 F. Supp. 2d 114, 115 (E.D.N.Y. 2010) (citation omitted) (collecting cases).

Courts may grant motions to strike class allegations at the pleading stage where it is clear from the face of the complaint that those allegations are defective. *Garcia v. Execu|Search Grp., LLC*, No. 17CV9401, 2019 WL 689084, at \*1 (S.D.N.Y. Feb. 19, 2019). Doing so serves the purpose of the Federal Rules by removing "unnecessary clutter from the case," and "serv[ing] to expedite, not delay." *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014).

Motions to strike class allegations are frequently granted "when the defendant shows that the underlying class claims either require individualized inquiries, there are substantive variations in the governing law, or both." *Harris v. Rust-Oleum Corp.*, No. 21-CV-01376, 2022 WL 952743, at \*3 (N.D. Ill. Mar. 30, 2022); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945, 948-49 (6th Cir. 2011); *Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243, 253 (W.D.N.Y. 2010) (striking class allegations given variation in state laws); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 832 (N.D. Ill. 2013) (predominance could not be met even at the pleading stage when "the lawsuit present[ed] a slew of legal and factual questions that are unique to each class member"). "[C]ourts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained." *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at \*1 (N.D. Ill. Nov. 30, 2010). *See Rikos v. Procter & Gamble Co.*, No. 1:11-cv-226, 2012 WL 641946, at \*4 (S.D. Ohio Feb. 28, 2012) (striking allegations where the class could not be certified as defined and "no proffered or potential factual development offer[ed] any hope of altering that conclusion").

The Court should strike the class allegations here.

## A.     All Plaintiff's Class Allegations Require Highly Individualized Assessments, Precluding Certification

The Nationwide Class and Florida Subclass allegations should be stricken because they are subject to highly individualized inquiries on standing, notice, causation, reliance, and damages.

Courts have granted similar motions to strike where determining these issues would require a series of "mini-trials." *Salvador v. Allstate Prop. & Cas. Ins. Co.*, No. CV 19-2754 (RJL), 2020 WL 7042843, at *6 (D.D.C. Nov. 30, 2020); *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 124 (S.D.N.Y. 2012); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

Courts dismiss putative single state classes for the same reason. *See Green v. Green Mountain Coffee Roasters*, 279 F.R.D. 275, 285 (D.N.J. 2011) (striking state unjust enrichment and state consumer protection class allegations where class treatment would require individualized inquiries); *Hummel*, 303 F. Supp. 3d at 1298 ("[S]everal courts addressing class certification for breach of express warranty claims in Florida have found the issue of notice to be an individualized inquiry requiring denial of class certification.").

Based on Plaintiff's allegations, complex individualized questions of fact around each purchaser's factual circumstances, and insoluble conflicts among members of the putative classes, exist here. Divergent issues of proof will include whether plaintiffs reviewed and relied on the Limited Warranty, whether they provided the requisite notice under applicable law, whether the pertinent alleged defect arose and was asserted within or outside of the Warranty Period, whether the alleged defect constituted a valid claim under the Limited Warranty, whether legitimate claims were adequately addressed as required under the Limited Warranty, and which state law governs the relevant claims. Further, factual questions will predominate as to whether and how any particular class member suffered actual injury.

These problems are particularly pronounced here, where the class purports to encompass all individuals who "purchased a Device which experienced the Leakage Defect; for which did not receive a replacement from Nespresso; or if received a replacement, said replacement also experienced the Leakage Defect." Am. Compl. ¶¶ 124, 125. This putative class is riven with

internal conflicts. Among other things, the putative class may contain individuals who (i) never attempted to exercise the Limited Warranty; (ii) successfully had their Machine repaired after invoking the Limited Warranty (which permitted Nespresso to "either repair or replace, at its discretion"); or (iii) sought to enforce the Limited Warranty after its expiration. As such, there is no way to fairly resolve a class of plaintiff's claims in a single trial, and no amount of discovery would change this fundamental defect.

**B.     The Need to Apply the Laws of All Fifty States Also Precludes Certification**

Plaintiff 's proposed "Nationwide Class" would "consist[] of all citizens of the United States who, during the applicable statute of limitations, purchased a Device which experienced the Leakage Defect; for which did not receive a replacement from Nespresso, or if received a replacement, said replacement also experienced the Leakage Defect." Am. Compl. ¶ 124.

Resolving the claims of this proposed class would necessarily require the application of the conflicting laws of all fifty states. This fact alone precludes class certification. *See Pilgrim*, 660 F.3d at 946-47, 949 (holding "no common legal issues favor a class-action approach to resolving this dispute," since "different laws would govern the class members' claims"); *see also In re Yasmin & Yaz (Drospirenone) Mktg.*, 275 F.R.D. 270, 275-76 (S.D. Ill. 2011) (similar); *Cowit v. CitiMortgage, Inc.*, No. 1:12-CV-869, 2013 WL 940466, at *6 (S.D. Ohio Mar. 8, 2013) (striking class for fraud and unjust enrichment "due to the considerable variation in the state laws governing them"); *Kottler v. Deutsche Bank AG,* No. 08 CIV.7773(PAC), 2010 WL 1221809, at * 3-4 (S.D.N.Y. Mar. 29, 2010); *Hughes v. Ester C Co.*, 317 F.R.D. 333, 353 (E.D.N.Y. 2016) (finding the state law variations concerning the requirements for an unjust enrichment claim is enough to defeat certification).

For these reasons, Nespresso respectfully urges the Court in the alternative to strike the class allegations.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant Nespresso USA, Inc. respectfully requests that the Court enter an order dismissing all claims asserted against it in the Amended Complaint with prejudice, or, in the alternative, striking the class allegations.

DATED: May 23, 2025

Respectfully submitted,

LINKLATERS LLP

By: /s/ *Adam S. Lurie*
Adam S. Lurie
Patrick C. Ashby
Michael Pilcher
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 903-9000
adam.lurie@linklaters.com
patrick.ashby@linklaters.com
michael.pilcher@linklaters.com

*Counsel for Defendant Nespresso USA, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Defendant Nespresso USA, Inc. hereby certifies that the Memorandum of Law in Support of Defendant Nespresso USA, Inc.'s Motion to Dismiss the Amended Complaint or in the Alternative to Strike Class Allegations (the "Memorandum of Law"), contains 8,678 words, which complies with the word limit of Local Rule 7.1(c).

The Memorandum of Law complies with the typeface and type style requirements thereof because it was prepared in a proportionally spaced typeface using Microsoft Word, Time New Roman, Size 12.

Dated: May 23, 2025

Respectfully submitted,

By: */s/ Adam S. Lurie*
Adam S. Lurie
Patrick C. Ashby
Michael Pilcher
**Linklaters LLP**
1290 Avenue of the Americas
New York, NY 10104
Telephone No.: (212) 903-9000

*Counsel for Defendant Nespresso USA, Inc.*